# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20022

In re: GARCIA GLENN WHITE,

    Movant

United States Court of Appeals
Fifth Circuit
**FILED**
February 20, 2015
Lyle W. Cayce
Clerk

On Motion for Authorization to File
Successive Petition for Writ of Habeas
Corpus in the United States District Court
for the Southern District of Texas

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:*

    Garcia Glenn White ("White"), a prisoner in the custody of the Texas Department of Criminal Justice, moves this court for authorization to file a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(b)(2)(A) and for a stay of execution. For the reasons explained below, White's motion for authorization is DENIED and his motion for a stay of execution is DISMISSED.

## FACTS AND PROCEEDINGS

    In December 1989 Bonita Edwards was murdered in her home alongside her two sixteen-year-old daughters, Bernette and Annette Edwards

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(respectively, "Bonita," "Bernette," and "Annette"). The murder remained unsolved for several years. Police arrested White on July 21, 1995 in connection with an unrelated murder that occurred on July 13, 1995. Shortly after White's arrest, investigators received a tip from one of White's acquaintances that White had been involved in the Edwards murders.

Police questioned White about the Edwards murders for the first time on July 22, 1995. White admitted that he was present when the murders occurred, but he stated that a man named Terrance Moore had actually killed the victims. After the July 22 interview, police discovered that Moore had been killed several months before the Edwards murders occurred. Police decided to question White about the Edwards murders a second time on July 28, 1995. At the beginning of the July 28 interview, a police officer read White his *Miranda* rights and asked if he understood them. White responded: "[T]hat's the statement I was telling you about right there. I have the right to a, one . . . I definitely have the right to have a lawyer present." The officer said, "That's right," and again asked whether White understood his rights. White stated that he did. The officer then asked White if he agreed to waive his *Miranda* rights and talk about the Edwards murders. White did not respond, and the officer again asked whether he was willing to waive his *Miranda* rights. White stated that he agreed to waive his rights. White then admitted that he had made up the details about Moore and confessed to killing Bonita, Bernette, and Annette.

White was convicted and sentenced to death for the murders of Bernette and Annette in July 1996.[1] The Texas Court of Criminal Appeals ("TCCA") affirmed White's conviction and sentence on direct review on June 17, 1998. *See White v. State*, No. 72,580 (Tex. Crim. App. June 17, 1998).

---

[1] White was never indicted for Bonita's murder.

No. 15-20022

White has filed several petitions for post-conviction relief in state and federal court since his conviction. In state court, White filed his initial application for a writ of habeas corpus in 2000. The trial court entered findings of fact and conclusions of law recommending that White be denied relief, and the TCCA adopted the trial court's findings and conclusions on February 21, 2001. *See Ex parte White*, No. WR-48,152-01 (Tex. Crim. App. Feb. 21, 2001). White filed a second state habeas application, which the TCCA denied as an abuse of the writ on April 24, 2002. *See Ex parte White*, No. WR-48,152-02 (Tex. Crim. App. Apr. 24, 2002). White filed a third and fourth state habeas application, both of which the TCCA denied as an abuse of the writ on May 6, 2009. *See Ex parte White*, Nos. WR-48,152-03, WR-48,152-04, 2009 WL 1272551 (Tex. Crim. App. May 6, 2009) (per curiam). White filed a fifth state habeas application and a motion for stay of execution, both of which the TCCA denied on January 15, 2015. *See Ex parte White*, No. WR-48,152-06 (Tex. Crim. App. Jan. 15, 2015) (mem.). At the same time that White filed the fifth application and motion for stay of execution, White filed a separate motion for leave to file an original application for a writ of prohibition, for a temporary stay of execution, and for appointment of new state habeas counsel. The TCCA denied these motions on January 15, 2015. *See Ex parte White*, No. WR-48,152-05 (Tex. Crim. App. Jan 15, 2015) (mem.). White filed a second motion for leave to file an application for a writ of prohibition, which the TCCA denied on January 21, 2015. *See Ex parte White*, No. WR-48,152-07 (Tex. Crim. App. Jan. 21, 2015) (mem.). White filed a sixth state habeas application on January 20, 2015. *See* Subsequent Writ of Habeas Corpus, *Ex parte White*, No. WR-48,152-08 (Tex. Crim. App. docketed Jan. 22, 2015). In response to White's January 20 application, the TCCA stayed White's execution "pending further order" of that court. *See Ex parte White*, No. WR-48,152-08, 2015 WL 375733 (Tex. Crim.

App. Jan. 27, 2015) (per curiam). White's sixth state habeas application remains pending before the TCCA.[2]

In federal court, White filed a habeas petition on May 3, 2002. In 2003 the district court stayed White's federal habeas proceeding so he could pursue additional remedies in state court related to the DNA evidence used at his trial. The district court reopened the proceeding in 2009. The district court denied White's habeas petition and his request for a certificate of appealability ("COA") on September 30, 2011. *See White v. Thaler*, No. H-02-1805, 2011 WL 4625361 (S.D. Tex. Sept. 30, 2011). This court denied White's request for a COA on April 1, 2013. *See White v. Thaler*, 522 F. App'x 226 (5th Cir. 2013). The United States Supreme Court denied White's petition for a writ of certiorari on January 13, 2014. *See White v. Stephens*, 134 S. Ct. 907 (2014) (mem.).

White filed a request for authorization to file a successive application for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(b)(2)(A) and for a stay of execution in this court on January 15, 2015. We ordered White to refile his motion for authorization by January 20, 2015 because his initial motion failed to comply with the court's filing requirements.[3] White filed a second document

---

[2] Although the TCCA has yet to rule on the pending state habeas application—which contains the same arguments raised here—we are statutorily required to "grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." 28 U.S.C. § 2244(b)(3)(D). In any event, we need not consider at this stage whether White's claims have been exhausted. *See Hatch v. Oklahoma*, 92 F.3d 1012, 1016 (10th Cir. 1996) (per curiam) ("Exhaustion is not, however, a precondition to our consideration of this Application for Order Authorizing a Successive Petition for Habeas Corpus Relief. Were we to grant this application, the district court would then have before it the merits of Hatch's habeas petition, and in that context the district court would need to decide whether the claim was exhausted or whether waiver of the exhaustion requirement is warranted."), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180 (10th Cir. 2001).

[3] As explained in the Fifth Circuit's practitioner's guide, parties filing motions for authorization to file a second or successive habeas corpus petition must attach, *inter alia*, a copy of the proposed § 2254 petition the party seeks to file in the district court; copies of all previous § 2254 petitions challenging the judgment or sentence received; and all court opinions and orders disposing of the claims advanced in previous § 2254 petitions. *See*

on January 20, but he still has not filed several required documents, such as a copy of the § 2254 petition that he filed in federal district court in 2002. Because we have been able to independently obtain the relevant documents in this case, we exercise our discretion and consider White's motion as it was submitted.

## DISCUSSION

### I.

"Our duties with regard to a second or successive petition are set forth in 28 U.S.C. § 2244(b) . . . ." *In re Coleman*, 768 F.3d 367, 373 (5th Cir. 2014) (per curiam). That section provides, in relevant part, that:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or subsequent habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . . .

28 U.S.C. § 2244(b)(1)-(2)(A). White has the burden to make a "prima facie showing that [his] application satisfies the requirements" of subsection § 2244(b). 28 U.S.C. § 2244(b)(3)(C).

White provides evidence that he has "limited intellectual capacity."[4] In light of his limited intellectual capacity, White argues the State violated his

---

Practitioner's Guide to the U.S. Court of Appeals for the Fifth Circuit 115-17 (January 2015), http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf.

[4] A psychologist who evaluated White determined that he functions "within the [b]orderline range of intelligence," and that "borderline intellectual functioning [is] just above mild mental retardation." The psychologist stated that individuals with White's intelligence "do not qualify for the [mental retardation] diagnosis." We construe White's allegation that he has limited intellectual capacity as an assertion that he has borderline intellectual functioning as described by the psychologist.

Sixth and Fourteenth Amendment rights when it failed to generously construe his July 28, 1995 statements as an invocation of his constitutional right to counsel. Because we do not have access to all of the filings White submitted in relation to his state habeas petitions, we assume without deciding that his claim is not procedurally barred. Because it will not change the outcome of this case, we assume without deciding that White has never presented this claim in a prior federal habeas petition.[5]

Before we can consider the merits of White's claim, White must show that the claim satisfies one of the two requirements specified in § 2244(b)(2). White argues that his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). He cites *Atkins v. Virginia*, 536 U.S. 304 (2002), *Roper v. Simmons*, 543 U.S. 551 (2005), and *Hall v. Florida*, 134 S. Ct. 1986 (2014) as cases containing a relevant new rule of constitutional law. These opinions hold, respectively, that it is a violation of the Eighth Amendment's "cruel and unusual punishment" clause to (1) execute an intellectually disabled defendant, *Atkins*, 536 U.S. at 321; (2) execute a person who was under eighteen years of age at the time he committed the capital crime, *Roper*, 543 U.S. at 574-75; or (3) create an evidentiary rule foreclosing exploration of a defendant's intellectual disability if the defendant is deemed to have an IQ above 70, because doing so creates an unacceptable risk that persons with an intellectual disability will be executed, *Hall*, 134 S. Ct. at 1990, 2001. White does not raise an Eighth Amendment claim; and he does not contend that he is intellectually disabled within the meaning of *Atkins* and *Hall*, or that he was under the age of eighteen at the time of the Edwards murders. *Atkins*, *Roper*, and *Hall* are not relevant to White's claim that the

---

[5] The State argues that White presented the same claim in his prior petition.

State violated his Sixth and Fourteenth Amendment rights, and they do not create a new rule of constitutional law applicable to his Sixth and Fourteenth Amendment claims.

White fails to cite any new rule of constitutional law that satisfies § 2244(b)(2)(A). Accordingly, we hold that he has failed to make a prima facie showing that his application satisfies the requirements of § 2244(b).

II.

White also moves for a stay of execution. However, after White moved for a stay in this court, the TCCA stayed White's execution pending further order of that court. Because White's execution date has come and passed, and because no new execution date has been set, there is no scheduled execution to stay. Accordingly, White's motion for a stay of execution must be dismissed as moot.

## CONCLUSION

For the foregoing reasons, White's motion for authorization to file a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(b)(2)(A) is DENIED, and his motion for a stay of execution is DISMISSED.